UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Catherine R. Judd, Executrix
of the Estate of Ruth A. Hunt,
Gregory W. Hunt, Individually and
as Trustee of the William W. Hunt
Inter Vivos Trust U/T/A Dated
11/7/1987, and William C. Hunt,
    Plaintiffs

    v.                                     Case No. 16-cv-27-SM
                                           Opinion No. 2016 DNH 159
Southeast Land Trust of New Hampshire,
City of Dover, New Hampshire and
Tom Vilsack, Secretary of the
United States Department of Agriculture,
    Defendants


**ORDER TO SHOW CAUSE**


The parties are at odds with respect to potentially

conflicting interests in the same property, although it is not

entirely clear that an actual and ripe case or controversy

exists.  In 2007, plaintiff William C. Hunt and his wife granted

the Strafford Rivers Conservancy ("SRC"),[1] the City of Dover, and

the United States Department of Agriculture ("USDA"), a

Conservation Easement Deed over the Hunt Family Farm, located in

Dover, New Hampshire (the "Conservation Easement").  The

Conservation Easement prohibits subdivision of the parcel.

---

[1]    The SRC later merged with defendant Southeast Land Trust of
New Hampshire ("SLT").

1

Subsequently, plaintiffs Catherine R. Judd, Executrix of the Estate of Ruth A. Hunt ("Judd"), and Gregory W. Hunt, individually and as Trustee of the William W. Hunt Inter Vivos Trust ("Gregory Hunt"), brought an unrelated lawsuit against William C. Hunt. That suit was settled when the parties executed an agreement that, in part, gave Judd and Gregory Hunt a contingent use easement to engage in agricultural activities on a specified area of the same Hunt Family Farm (the "Use Easement"). The settlement agreement conditioned William C. Hunt's grant of the Use Easement on the prior approval of the holders of the existing Conservation Easement. But the Conservation Easement grantees declined to approve the Use Easement because, in their opinion, the proposed Use Easement would interfere with their existing conservation rights in the land.

Plaintiffs subsequently filed this action, seeking, in part, a judgment declaring that the proposed Use Easement does not conflict with the existing Conservation Easement. Defendants, the Conservation Easement grantees, moved to dismiss on grounds that plaintiffs lack standing to bring the action.[2] Plaintiffs object.

---

[2] Defendant's motion does not distinguish between various plaintiffs, and argues that all plaintiffs lack standing,

2

## Background

The relevant facts, drawn from the plaintiffs' complaint are as follows. On July 17, 2007, William C. Hunt, and his wife, Nancy, granted the SLT, USDA and City of Dover a Conservation Easement Deed over the Hunt Family Farm, located on Back Road, in Dover. Compl. ¶ 11. The deed recites, in pertinent part, that:

> The Property shall not be subdivided or conveyed in any form in separate parcels. The Grantor further covenants and agrees not to undertake any action that would have the effect of subdividing or conveying any part of the Property.

Id. at ¶ 12.

On May 24, 2010, Judd and Gregory Hunt filed suit against William C. Hunt (the "Trust Suit"), id. at ¶ 13, in which they sought the return of the Hunt Family Farm, the family farm house, and an adjacent lot located at 281 Back Road, as well as funds paid to William C. Hunt and Nancy Hunt by the SLT, USDA and the City of Dover in exchange for the Conservation Easement. The parties mediated their dispute and settled the Trust Suit. As part of the settlement, William C. Hunt agreed to delineate

---

because they are not parties to the Conservation Easement deed, apparently seeing the case as one challenging the scope or effect of the Conservation Easement. At oral argument on their motion, however, counsel for Southeast Land Trust seemingly agreed that William C. Hunt, the grantor, has standing, presumably because he granted the Conservation Easement.

an area of the Hunt Family Farm with respect to which he would grant an easement to Judd and Gregory Hunt, permitting them to "engage in agricultural activities," or to farm the land. The necessary lot line adjustments, including the Use Easement Delineation Line, were approved by the City of Dover Planning Board, and the City of Dover, and were recorded. Compl. ¶¶ 16, 17.

On November 13, 2012, Judd, Gregory Hunt and William C. Hunt finalized the settlement agreement in the Trust Suit. The terms of the settlement agreement obligated William C. Hunt to grant a contingent Use Easement, appurtenant to the lots located at 281 Back Road and 295 Back Road, over that portion of the Hunt Family Farm delineated on the lot line adjustment plans approved by the City of Dover and recorded. The agreement provided:

> d. Approvals Required. The parties agree and understand that the grant of the Use Easement herein contemplated requires the [prior] approval of the Strafford Rivers Conservancy ("SRC")[3] and the United States Department of Agriculture ("USDA") as holders of the Conservation Easement. The Parties agree that they will work together, as necessary, to obtain such approvals in good faith. In the event that the approvals are not granted by the foregoing agencies, the parties will implement an alternative plan as set forth in section 3 hereof.

---

[3] The SRC later merged with the Southeast Land Trust.

4

Id. at ¶ 19.  Section 3 of the agreement provides:

> Creation of Leasehold.  Only in the event that
> approval of the Use Easement as set forth in Section
> 2.d above is denied by the SRC and/or the USDA,
> [William] and Nancy Hunt shall execute a Land Lease.

Def.'s Mot. to Dismiss ¶ 11.[4]  The plaintiffs say it was their intent that the lease would mirror the terms of the proposed Use Easement.  Compl. at ¶ 19.

William C. Hunt executed a Use Easement deed, as required by the settlement agreement, which provides:

> The GRANTEES shall have, and the purpose of this
> Easement is to allow the GRANTEES, their heirs,
> successors and assigns, a non-exclusive right to
> conduct any and all agricultural activities (the
> "Use") not otherwise prohibited by the Conservation
> Easement granted by GRANTORS to The Strafford Rivers
> Conservancy, Inc., the United States of America, and
> the City of Dover collectively as Grantees . . .

Compl. at ¶ 22.  The Use Easement deed was not recorded.  Id. On January 20 and February 28, 2013, SRC informed the plaintiffs that it would not approve the proposed Use Easement because, in its view, the Use Easement would constitute a "subdivision,"

---

[4]    In determining whether a plaintiff has sufficiently alleged standing to sue, a court may consider materials outside the pleadings.  Conservation Law Found., Inc. v. Plourde Sand & Gravel Co., No. 13-CV-214-SM, 2014 WL 5781457, at *3 (D.N.H. Nov. 6, 2014) (citing Gonzalez v. United States, 284 F.3d 281, 287–88 (1st Cir. 2002).

5

which the Conservation Easement precluded.  Defendants,
plaintiffs say, are unreasonably and unlawfully withholding
their approval because their opinion is incorrect — the proposed
Use Easement does not create a "subdivision" as defined by New
Hampshire law or as contemplated by the Conservation Easement.

Defendants having declined to consent to the Use Easement,
Judd, Gregory Hunt and William C. Hunt attempted to negotiate
the terms of a lease, as provided for in Section 3 of the
settlement agreement.  However, plaintiffs allege, defendants
somehow endeavored to limit the terms of the proposed lease
between them so that it would not mirror the terms of the
proposed Use Easement.  Apparently unable to fulfill their
obligations under the settlement agreement, Judd and Gregory
Hunt filed a declaratory judgment action in state court.[5]  The
USDA was added as a defendant on November 25, 2015, see Document
No. 3, p. 17, and it removed the case to this court on January
25, 2016, pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446.

Plaintiffs ask this court to grant their request for a
declaratory judgment and rule: (1) that the proposed Use

---

[5]     During a status conference in the state Trust Suit held on
October 26, 2015, counsel for William C. Hunt represented that
her client was willing to join the present action as a party-
petitioner.  See Document No. 3-1, p. 3.  He was subsequently
joined as a plaintiff to this action by state court order dated
November 25, 2015.  See Document No. 3, p. 17.

6

Easement does not run afoul of the Conservation Easement, or (2) that the terms of the alternative land lease must (and lawfully may) mirror the terms of the proposed Use Easement.

The posture of this case is mildly perplexing. The plaintiffs' complaints about "interference" and "unreasonable withholding of consent" seem widely beside the point. Defendants have no obvious legal interest in the settlement agreement resolving the differences between or among the plaintiffs in the collateral Trust Suit. To the extent plaintiffs feel ill-used by defendants in that regard, it appears to be a circumstance entirely of their own making. Surely they did not have to agree to condition the proposed Use Easement on defendants' prior approval. Just as surely plaintiffs did not have to accept defendants' views with respect to the terms of the alternative lease provided for in the Trust Suit settlement agreement, and they presumably remain free to amend or modify the settlement agreement.

The plaintiffs accept that under the Trust Suit settlement, a Use Easement must be granted by William C. Hunt only if defendants first approve. And they have not. The alternative lease provision in the Trust Suit settlement seems clear as well, though it is entirely unclear why the plaintiffs have not implemented it (no prior approval of the lease by defendants is

7

required).  The critical point, however, is that whether William C. Hunt must, under the Trust Suit settlement agreement, grant Catherine Judd and Gregory Hunt a Use Easement, or a lease with particular terms, is a dispute between those parties, and a dispute over which this court would seem to be without jurisdiction to resolve.  (The dispute does not involve federal law, the concerned parties are not diverse, and the federal defendant in this case, the USDA, has no cognizable legal interest in the proper construction of the terms of the Trust Suit settlement.)  What the parties to the Trust Suit settlement are or are not entitled to under its terms is up to them, or a state court, to resolve.

William C. Hunt is not, it seems, claiming that he has actually given a Use Easement to Catherine Judd and Gregory Hunt (which he of course could do), or that the settling parties have waived the contractual obligation between them that requires defendants' prior approval before the Use Easement is granted, or that a genuine dispute arises independently by virtue of the Conservation Easement holders' claim of rights in the land superior to rights presently held by Judd and Gregory Hunt. Rather he and the other plaintiffs appear to be claiming some sort of contractual or other legal obligation on the part of the

Conservation Easement holders to approve the grant, or at least to not "unreasonably withhold" their approval.

But the Conservation Easement holders are not parties to the Trust Suit settlement agreement. They have no apparent contractual obligations under it, and they are completely free to hold whatever opinion they choose with respect to whether the proposed Use Easement might conflict with their interest in the land.

That William C. Hunt may give a Use Easement or a lease that may conflict with the Conservation Easement is at this stage merely speculative. He has not done so; he does not appear from the complaint to be obligated to do so; and, indeed, he seems to be insisting that the Conservation Easement Grantees first approve before he becomes obligated to do so. Plaintiffs do not plead anything more than that Catherine Judd and Gregory Hunt should be entitled under the Trust Suit settlement agreement to a Use Easement from William C. Hunt, notwithstanding the absence of approval by the Conservation Easement Grantees. Maybe, or maybe not — that is a dispute between plaintiffs, subject, if necessary, to resolution in state court. As the case has been pled, this is a situation in which the settling parties created a condition precedent (prior approval) and the condition has not occurred, nor have the

9

parties implemented the alternative lease provision under the settlement agreement.  What is sought is essentially an advisory opinion, i.e., if Judd and Gregory Hunt were entitled to the Use Easement, or if they had a lease, would that Easement or Lease conflict with the Conservation Easement's terms?

## Discussion

Neither party contests the existence of federal subject matter jurisdiction.  However, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (citations omitted); see also Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999) ("the question of subject-matter jurisdiction is always open: courts at every stage of the proceedings are obligated to consider the issue even though the parties have failed to raise it").

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that, "[i]n a case of actual controversy within its jurisdiction," the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  The Act "empowers a federal court to grant declaratory relief in a case of actual controversy.  [It] does not itself confer subject matter jurisdiction, but, rather, makes available an added

10

anodyne for disputes that come within the federal courts' jurisdiction on some other basis."  Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995) (citations omitted).

"[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III" of the United States Constitution.  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citations omitted).  To satisfy Article III's requirement, "'the dispute [must] be definite and concrete, touching the legal relations of the parties having adverse legal interests, and [must] be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  Deutsche Bank Nat. Trust Co. ex rel. FFMLT Trust 2005-FF2 v. Pike, No. 15-CV-304-JD, 2015 WL 5970494, at *3 (D.N.H. Oct. 13, 2015) (quoting MedImmune, Inc., 549 U.S. at 127) (emphasis supplied).

Here, the facts alleged in the complaint raise concerns that federal subject matter jurisdiction is lacking. Specifically, it appears that plaintiffs have not sufficiently alleged a "substantial controversy, between parties having adverse legal interests," MedImmune, Inc., 549 U.S. at 127

11

(emphasis added), because they have not alleged a present right to a Use Easement.  Instead, plaintiffs assert what is at best an inchoate right to a Use Easement, subject to a condition precedent: i.e., the Conservation Easement holders' approval. While plaintiffs vaguely allege that the Conservation Easement holders (including the USDA) have some undefined legal obligation to approve the proposed Use Easement, or at least not "unreasonably" decline to approve it, they have the power to waive that condition, as they created it.  And if they disagree about their respective rights under the settlement agreement, this court would seem to have no jurisdiction to resolve that dispute.  The claim regarding defendants' obligation to approve, in addition, is unlikely to prove successful.  See, e.g., Motorsport Engineering, Inc. v. Maserati SPA, 316 F.3d 26, 29 (1st Cir. 2002) (third-party beneficiary to a contract, who did not sign the contract, has no contractual obligations to the actual parties to the contract); Tessier v. Rockefeller, 162 N.H. 324, 331 (2011) (Because defendants were not parties to the settlement agreement, there were no grounds for contract damages against them.); cf. Bald v. PCPA, LLC, Case No. 15-cv-219-SM, 2016 WL 1587227, at *4 (D.N.H. April 19, 2016) (contractual obligations cannot be imposed by the parties to a contract upon a non-party).  But, again, that is actually a dispute between or among the plaintiffs, subject to state court determination.

12

The standing issue raised by defendants is merely reflective of and turns on several other apparent difficulties posed by the complaint. If plaintiffs could plausibly claim a present interest in the land adverse to defendants' claimed interests, they would plainly have standing to sue for a declaratory judgment to resolve competing claims of right. Under those circumstances, an actual case or controversy would exist over which this court could exercise jurisdiction, given the USDA's involvement. It is difficult to discern what case or controversy exists here, however, because the complaint does not plausibly assert a present interest in the land adverse to defendants' interests, and resolving plaintiffs' claim to an interest (Use Easement or lease) is a matter that plaintiffs can, as noted, resolve by agreement, or, failing that, becomes a dispute over which this court is without jurisdiction.

So, the motion to dismiss on standing grounds is better denied, albeit without prejudice, at this stage, and instead, the plaintiffs ought to show cause why this case should not be dismissed for one or more of the following reasons: failure to state a cognizable claim; because the court lacks jurisdiction to determine plaintiffs' respective (and predicate) rights under the Trust Suit Settlement Agreement; because the complaint does not describe a cognizable legal claim against the USDA (which

13

agency's presence as a party supplies the basis for federal jurisdiction); and because there appears to be no actual cognizable and justiciable case or controversy between these plaintiffs and the named defendants.

## Conclusion

Plaintiffs shall show cause on or before October 14, 2016, why this case should not be dismissed. Defendants may, but are not required to, file a response on or before October 28, 2016.

The pending motion to dismiss on standing grounds (document no. 6) is denied without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 13, 2016

cc:  Cyrus F. Rilee, III, Esq.
     Andrea L. Daly, Esq.
     Frank E. Kenison, Esq.
     Anthony I. Blenkinsop, Esq.
     Michael T. McCormack, Esq.